UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SULLIVAN,<br>      Plaintiff,<br><br>v.<br><br>PRESIDENT DONALD J. TRUMP,<br>      Defendant. | Civil Action No.<br>20-cv-10471-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pro se litigant Michael Sullivan, who is a Massachusetts resident, has filed a civil complaint, a motion to amend with an amended complaint (Docket Entry No. 4), a motion for leave to proceed in forma pauperis (Docket Entry No. 2), and a motion for the appointment of counsel (Docket Entry No. 5). Sullivan names President Donald J. Trump as the sole defendant. For the reasons below, the Court will (1) allow the motions to amend and to proceed in forma pauperis; (2) deny the motion for counsel; and, (3) dismiss the action.

I. Motion for Leave to Proceed in Forma Pauperis

Upon review of Sullivan's motion for leave to proceed in forma pauperis, the Court concludes that he is unable to pay the filing fee. According, the motion is ALLOWED.

**II. Motion to Amend**

At this juncture, Sullivan may amend his complaint once without obtaining leave of the Court. See Fed. R. Civ. P. 15(a)(1). Accordingly, the motion to amend is allowed.

**III. Review of the Amended Complaint**

A summons has not issued pending the Court's preliminary review of the amended complaint. Federal law authorizes a federal court to dismiss an in forma pauperis complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court liberally construes Sullivan's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**A.   Sullivan's Factual Allegations**

Sullivan reports that he is an "unincorporated political association working with National Unions in Washington DC that forward[s] [his] emails to union members, family and friends to every state in the country," Amend. Compl. ¶ 3, but that President Trump and other federal officials have attempted to thwart his efforts to communicate with others by email. He also represents that he has communicated with other private and governmental parties concerning federal matters, prompting

2

President Trump to undertake certain actions to ensure that Sullivan's complaints to the federal government are not investigated.

For example, Sullivan alleges that an email he sent to 1,150 Farm Bureau county coordinators on January 23, 2019 "led to Trump reopening the Government" the following day. Id. ¶ 4. Sullivan further asserts that a complaint he left with the United States Attorney for the District of Massachusetts on March 8, 2017 concerning conduct of the Federal Bureau of Investigation ("FBI") prompted President Trump to force forty-six United States Attorneys to resign. See id. ¶¶ 11-12. Sullivan states that, on March 27, 2017, he transmitted a letter to Boston College and Harvard University law students seeking legal assistance concerning the aforesaid complaint to the United States Attorney's Office and other crimes. See id. ¶ 13. Sullivan believes that this letter caused President Trump to "run[] over to the Palm B[e]ach fire station attempting to win over some new friends." Id.

Sullivan also claims that President Trump is preventing his subordinates in the executive branch from investigating complaints that he has submitted to the federal government. He reports that, on December 29, 2017, he sent a copy of the letter that he had previously sent to the law school students to the Director of the FBI. Sullivan thinks that President Trump is

"blocking" the FBI Director "from [i]nvestigatng [his] complaint." Id. ¶ 15. The plaintiff also asserts that President Trump is preventing federal officials from investigating his complaints that the United States military is using a satellite to operate an "Electromagnetic Weapon" against him. Id. ¶ 18.

Sullivan claims that President Trump is violating his rights under the First and Fourth amendments. He also claims that President Trump is in violation of 18 U.S.C. §§ 241, 242, 1510, and 42 U.S.C. §§ 1983, 1985. Sullivan seeks a declaration that President Trump did "conspire and used his position in Government to block the U.S. Attorney, [FBI] Director Christopher A[.] Wary [sic] and numerous other United States agencies from [i]nvestigating [his] civil rights[s] and criminal complaints." Amend. Compl. ¶ 27.

B.  Discussion

Here, Sullivan has failed to state a claim upon which relief may be granted. Insofar as Sullivan seeks to state a claim based on 18 U.S.C. §§ 241, 242, or 1510, these statutes do not provide a private right of action. Instead, they authorize a federal prosecutor to criminally prosecute parties who have allegedly violated these provisions. See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242

4

. . . ."). Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

In addition, Sullivan's claims that President Trump is blocking investigation of his complaints raises political questions which are non-justiciable. See Baker v. Carr, 369, 186, 217 (1962). To the extent that Sullivan is asserting claims for damages against President Trump personally, those claims are barred by the doctrine of presidential immunity. See Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982).

III. Conclusion

In accordance with the foregoing, the Court hereby orders:

1. The motion to amend is ALLOWED.

2. The motion for leave to proceed in forma pauperis is ALLOWED.

3. The motion for appointment of counsel is DENIED.

4. This action is DISMISSED for failure to state a claim upon which relief may be granted.

So ordered.

Dated: 4/9/20

_____
Nathaniel M. Gorton
United States District Judge

5